HALEY VAN EREM
Trial Attorney
D.C. Bar No. 1048009
BETH KURTZ
Trial Attorney
D.C. Bar No. 1022970
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – 4CON
Washington, DC 20530
(202) 598-5016
haley.vanerem@usdoj.gov
*Counsel for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   3:25-cv-00004 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| THE STATE OF NEVADA, | |
| Defendants. | |

**COMPLAINT**

1. The United States brings this action to enforce the rights of children and young adults up to the age of 21 ("children") with behavioral health disabilities to receive services in the most integrated settings appropriate to their needs. The State of Nevada administers and funds its programs and services for children with behavioral health disabilities in a manner that results in their unnecessary institutionalization in public and private residential treatment facilities and hospitals, and places them at serious risk of such institutionalization, in violation of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12131-12134.

2.  Residential treatment facilities and hospitals are highly restrictive, segregated settings.  Children must often leave behind their families, friends, schools, and communities to receive treatment in these settings.  Children in these institutions have little to no interaction with non-disabled people other than the staff who serve them.  These children experience a highly regimented, controlled daily schedule.

3.  Community-based services that would enable these children to remain in the community exist within the State's publicly funded service system.  The State could reasonably modify its policies, practices, and services so that children with behavioral health disabilities receive adequate community-based services to prevent and remedy unnecessary institutionalization in residential treatment facilities and hospitals.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, because it involves claims arising under federal law.  *See* 42 U.S.C. § 12133.  The Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-2202; 28 C.F.R. §§ 35.170-174, 190(e).

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), given that a substantial part of the acts and omissions giving rise to this action occurred in the District of Nevada.

## PARTIES

6.  Plaintiff is the United States of America.

7.  Defendant, State of Nevada, is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1), and is therefore subject to Title II of the ADA, 42 U.S.C. § 12131 *et seq*.,

and its implementing regulations, 28 C.F.R. pt. 35.  The State is responsible for ensuring that State programs and services conform to the ADA.

8. The State administers and funds services for children with behavioral health disabilities through the Nevada Department of Health and Human Services ("Nevada DHHS"). Nevada DHHS operates Nevada's Medicaid program, which covers community-based behavioral health services, inpatient acute hospitalization services, and residential treatment facility services for children.  Nevada DHHS also directly operates care coordination, mobile crisis, and outpatient mental health services for children.

## FACTUAL ALLEGATIONS

### A. Children with Behavioral Health Disabilities are People with Disabilities Protected by the ADA.

9. Children with behavioral health disabilities who are institutionalized or at serious risk of institutionalization have diagnosable serious emotional disturbance, mental illness, and/or substance use disorders.  These are impairments that substantially limit one or more major life activities.  Accordingly, children with behavioral health disabilities are people with disabilities defined by the ADA.

10. Most children with behavioral health disabilities in residential treatment facilities and hospitals are appropriate for and qualified to receive services in the community.  They have similar diagnoses and needs as children who live successfully at home and receive community-based supports and services.

### B. Residential Treatment Facilities and Psychiatric Hospitals are Segregated, Institutional Settings.

11. Residential treatment facilities afford children minimal access to their families, communities, and non-disabled peers.  Children in residential treatment facilities experience a

3

highly regimented, controlled daily schedule with restricted free time, limited individual activities, and little to no engagement in the broader community.

12.  Hospitals are quintessential congregate, segregated settings.  People receiving psychiatric treatment in hospitals typically do not interact with people other than patients and treatment staff, and their day-to-day life is highly restricted.

### C. Thousands of Nevada's Children Receive Psychiatric Care in Hospitals or Residential Treatment Settings, Though They are Appropriate for Community-Based Services.

13.  Psychiatric hospitals in Nevada are a primary source of behavioral health services for children and a gateway to long-term residential treatment facility placements.  Children who are hospitalized are frequently discharged without needed community-based services, which can lead to more hospitalizations and/or placement in residential treatment facilities.

14.  Placement in residential treatment facilities often means children are far from home, sometimes even across the country.

15.  Once in residential treatment, children remain away from their families and communities for many months, and some remain at the facilities for over a year.

16.   These children often experience repeated admissions to hospitals and residential treatment facilities because the ongoing supports that children and families need to avoid readmission are not available when children return home.

17.  Nevada acknowledges that many placements in institutional settings can be prevented if children receive necessary services in the community.

18.  Critical community-based services to keep children in their homes and communities include mobile crisis and stabilization services, intensive care coordination, and

intensive in-home services, including wraparound facilitation, respite care, individual and family therapy, behavioral support services, family peer support, and youth peer support.

19. Nevada's Medicaid program covers both inpatient psychiatric services and residential treatment as well as a number of community-based services including crisis services, care coordination, individual and family therapy, peer support, and behavioral support services. Using State funds, Nevada also provides wraparound facilitation.

20. Under the Early and Periodic Screening, Diagnostic, and Treatment (EPSDT) provisions of the Medicaid Act, Nevada's Medicaid program is required to provide children under the age of 21 with coverable services necessary to correct or ameliorate a mental illness or condition. 42 U.S.C. §§ 1396a(a)(43); 1396d(a); 1396d(r)(5). This obligation includes community-based services.

21. Although community-based services are theoretically offered through the State's behavioral health system, they are not available throughout the State. Even where available, they are not available in the amount, intensity, or duration to meet children's needs. For example, wraparound facilitation can prevent unnecessary institutionalization, but few children in Nevada who are at serious risk of institutionalization receive it. Similarly, in-home therapy is available through Nevada Medicaid but is not provided with the intensity or frequency needed to prevent institutional placements.

22. The State has long known about the need for critical community-based services to prevent unnecessary hospitalization and residential treatment. Reports from groups within Nevada as well as national reports have highlighted the deficiencies in access to services.

23. Nonetheless, children continue to need to enter institutions to get treatment, and when they do return home, face the same lack of services that resulted in the initial placements.

**D. Nevada's Administration of its Service System Has Caused Unnecessary Segregation of Children with Behavioral Health Disabilities in Residential Treatment Facilities and Psychiatric Hospitals and Placed Others at Serious Risk of Unnecessary Institutionalization.**

24. The State administers its children's behavioral health system in a way that leads to unnecessary segregation of children with behavioral health disabilities.

25. Because the State fails to make sufficient community-based services available to the children who need them, these children are unnecessarily hospitalized and/or placed in residential treatment facilities.

26. The State fails to establish and maintain a sufficient provider network to deliver key services, so families have to wait weeks or months for services even when they have a critical need.

27. The State fails to connect children with community-based behavioral health services and prevent their admission to segregated settings such as residential treatment facilities and hospitals. For example, the State fails to divert children who are seeking approval for residential treatment to community-based services when possible. The State also does not review or assess the reasons why children are placed in residential treatment to enable it to address systemic issues.

28. The State fails to ensure appropriate discharge planning from residential treatment facilities and hospitals to prevent unnecessarily long stays and readmissions to these settings.

29. As a result of these failures, hundreds of Nevada's children are forced to enter hospitals and residential treatment facilities. Once admitted, children can sometimes stay in

these settings much longer than necessary or appropriate because of a lack of adequate community-based services available to them upon discharge.

30. Virtually all children receiving inpatient and residential treatment are appropriate for community-based services. Providing community-based services in an amount, intensity, and duration sufficient to prevent institutionalization would allow these children to avoid unnecessary institutional stays and/or allow them to return to the community from institutions. Many community-based services are as effective or more effective than institutional care for these children.

31. Children and their families overwhelmingly do not oppose receiving community-based services, if sufficiently intensive services were available.

### E. The State Can Provide Services in Integrated Settings by Reasonably Modifying its Community-Based Service System.

32. The State can make reasonable modifications to its community-based service system to serve children with behavioral health disabilities who are in or at risk of entering residential treatment facilities and psychiatric hospitals in their homes and communities.

33. The types of services needed to support children with behavioral health disabilities in community-based settings already exist in Nevada's community-based service system.

34. Nevada can reasonably modify its community-based behavioral health services for children by expanding accessibility of those services to the children who need them and by ensuring they are available in sufficient intensity to prevent unnecessary institutionalization.

35. Nevada can reasonably modify its community-based service system by ensuring that the full array of services is available statewide as required by Medicaid. This array of

services includes mobile crisis response and stabilization services, intensive care coordination, and intensive in-home services such as wraparound facilitation, respite care, individual therapy, family therapy, behavioral support services, family peer support, and youth peer support.

36. Nevada can reasonably modify its service system by exercising robust oversight of community-based providers to ensure a sufficient provider network to deliver each service in the service array.

37. Nevada can reasonably modify its service system by assessing children at serious risk of institutional placement for community-based services and quickly connecting them to appropriate services, such as by overseeing the process to approve treatment in residential treatment facilities and by analyzing information to learn what factors are driving residential placements.

38. Nevada can reasonably modify its service system by working with children and families when a child enters a segregated setting to facilitate discharge and transition back to the community and by verifying whether those children are receiving community-based services after they return to the community.

**F.     The Department of Justice Investigation**

39. In December 2020, after receiving a complaint of discrimination, the United States opened an investigation under Title II of the ADA to determine whether Nevada unnecessarily institutionalizes children with behavioral health disabilities.  Following this investigation, the United States notified the Governor of its conclusion that the State fails to provide services to children with behavioral health disabilities in the most integrated setting appropriate to their needs as required by the ADA. Attachment A, Report of Findings, *Investigation of Nevada's Use of Institutions to Serve Children with Behavioral Health*

*Disabilities* (October 4, 2022). The report provided the State notice of its failure to comply with the ADA and identified the steps necessary for the State to meet its obligations pursuant to federal law.

40. All conditions precedent to the filing of this Complaint have been satisfied.

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

**42 U.S.C. §§ 12131-12134**

41. The allegations of Paragraphs 1 through 40 of this Complaint are hereby re-alleged and incorporated by reference.

42. Defendant, State of Nevada, is a public entity subject to Title II of the ADA, 42 U.S.C. § 12131(1).

43. The State violates the ADA by administering the State's public health system in a manner that denies qualified children with behavioral health disabilities the benefits of the State's services, programs, or activities in the most integrated setting appropriate to their needs, and by failing to reasonably modify the State's service system to avoid discrimination against adults with mental health disabilities. 42 U.S.C. § 12132; 28 C.F.R. § 35.130.

44. The State's actions constitute discrimination in violation of Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and its implementing regulations at 28 C.F.R. pt. 35.

**PRAYER FOR RELIEF**

The United States of America prays that the Court:

A. Grant judgment in favor of the United States on its Complaint and declare that the Defendant has violated Title II of the ADA, 42 U.S.C. §§ 12131-12134;

B. Enjoin Defendant from:

1. Discriminating against children with behavioral health disabilities in Nevada by failing to provide services, programs, or activities in the most integrated setting appropriate to their needs; and

2. Failing to provide appropriate, integrated community services, programs, or activities to children with behavioral health disabilities in Nevada so as to avoid placing these children at serious risk of institutionalization in residential treatment facilities or psychiatric hospitals; and

C. Order such other appropriate relief as the interests of justice may require.

This 3rd day of January, 2025.

Respectfully submitted,

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REGAN RUSH
Chief, Special Litigation Section

DEENA FOX
Deputy Chief, Special Litigation Section

 /s/ *Haley Van Erem*
HALEY VAN EREM
BETH KURTZ
Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W. – 4CON
Washington, DC 20530
(202) 598-5016
haley.vanerem@usdoj.gov

*Counsel for the United States of America*